# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50223

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2020

Lyle W. Cayce
Clerk

JESUS RENE RAMIREZ,

Plaintiff-Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; UNITED STATES DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS; UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES ATTORNEY OFFICE WESTERN DISTRICT OF TEXAS; UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES ATTORNEY OFFICE WESTERN DISTRICT OF TEXAS EL PASO DIVISION,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:18-CV-308

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jesus Rene Ramirez, federal prisoner # 73256-080, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his Freedom of Information Act (FOIA) action as frivolous and malicious and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50223

the denial of his postjudgment motion filed pursuant to Federal Rule of Civil Procedure 60(b).  In his FOIA action, Ramirez argued that the defendants violated 5 U.S.C. § 552(a) by wrongfully withholding a written agreement that promised him immunity from prosecution.

By moving to proceed IFP, Ramirez is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Ramirez has not addressed the district court's finding that there was no immunity agreement and that his FOIA action was thus factually frivolous.  He thus has not shown that he will raise any nonfrivolous appellate issues concerning the dismissal of his FOIA action as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, we need not address the district court's alternative determination that Ramirez's FOIA action was malicious.

As to the denial of his Rule 60(b) motion, Ramirez focuses on the propriety of the district court's dismissal of his underlying FOIA action rather than the court's determinations that his Rule 60(b) motion raised mistakes of law more properly presented on appeal and that his FOIA action was dismissed as factually frivolous based on a finding that there was no immunity agreement.  Ramirez, thus, has not shown that he will raise any nonfrivolous appellate issues concerning the denial of his Rule 60(b) motion.  *See Howard*, 707 F.2d at 220; *Yohey*, 985 F.2d at 224-25.

In light of the foregoing, we DENY the motion to proceed IFP, and we DISMISS this appeal as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Both the district court's dismissal of Ramirez's civil action and our dismissal of his appeal count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Ramirez is

No. 19-50223

WARNED that his receipt of a third strike will preclude him from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in "imminent danger of serious physical injury." § 1915(g). Additionally, Ramirez is WARNED that frivolous, repetitive, or abusive filings will result in the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.